IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COLLEEN B. ANDERSON,
    Plaintiff,

v.                                          Case No. 5:09cv282/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____

## REPORT AND RECOMMENDATION

Before the court is a "Petition for Attorney Fees under the Equal Access to Justice Act (EAJA)" (doc. 23), filed by Heather Freeman, plaintiff's counsel (hereinafter "petitioner"). Petitioner seeks an award of fees in the amount of $3,815.60. Defendant has responded to the motion and does not contest the amount requested but notes that the fee should be paid to plaintiff, not petitioner (*see* doc. 24).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner under sentence four (docs. 20, 21). Petitioner's application for fees was filed timely, and the Commissioner's position was not substantially justified. Moreover, defendant does not disagree that fees should be paid in this case (doc. 24). Accordingly, an award of fees is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Here, petitioner seeks compensation for 24.1 total hours of work expended on plaintiff's behalf, which represents 3.9 attorney hours in 2009 at $172.25 per hour [$671.78], 16.7 attorney hours in 2010 at $174.63 per hour [$2,916.32], and 3.5 paralegal hours at $65.00 per hour [$227.50], spent representing plaintiff in court-related proceedings. Defendant has represented to the court that he does not contest fees in the amount of $3,815.60. Thus, the EAJA fees sought should be awarded.

The remaining question concerns to whom the EAJA award is payable. In *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award. *Ratliff*, 130 S. Ct. at 2528–29. Although *Ratliff* and *Reeves* did not address the payment of EAJA fees

directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned previously followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits was included with counsel's petition.  *See, e.g., Turner v. Astrue*, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); *Buffin v. Astrue*, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same).  *See also Perez v. Astrue*, 2010 WL 2888989, at *2 (C.D. Cal. July 20, 2010) (acknowledging a plaintiff's right to assign interest in EAJA award to attorney but noting that such assignment does not prevent an offset of the award if the plaintiff owes a debt to the government, which debt accrued prior to the assignment).  The common practice, however, appears to have evolved without the benefit of knowing whether the plaintiffs, as "prevailing parties," were responsible for debts owed to the government, and thus subject to offsets.  Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to payment of EAJA awards to counsel in light of the plaintiffs' assignments.  Since the Supreme Court's decision in *Ratliff*, however, the matter of a plaintiff's outstanding debt has now been raised in this court (and other courts) by parties in connection with applications for EAJA fees.  *See, e.g., Parker v. Astrue*, No. 5:09cv189/RS/EMT, docs. 36–39.  And it has been raised in the instant case.

Specifically, petitioner notes that plaintiff has assigned her interest in any fee awarded under the EAJA to her (petitioner) (*see* doc. 23, ex. 6), and further, that she (petitioner) has verified with the U.S. Treasury that plaintiff owes no debt to the United States (*id.* at 4).  Thus, petitioner contends, the EAJA award should be made payable to her (petitioner).

Having considered the foregoing, and in accordance with *Ratliff*, 130 S.Ct. at 2521, the undersigned concludes that the EAJA award should be made payable to plaintiff, not petitioner.  Although petitioner has represented that plaintiff owes no debt to the United States, defendant states he is required to make a separate inquiry regarding whether plaintiff owes a qualifying debt and, further, that his inquiry cannot be made until after this court has issued an order on the petition for EAJA

fees.[1] Thus, the check should simply be made payable to plaintiff and sent to petitioner's office so that plaintiff and petitioner may mutually implement their fee agreement without this court's involvement. *See Nakas v. Astrue,* Case No. 5:09cv358/RS/WCS (doc. 30) (report and recommendation, issued February 16, 2011, recommending same).[2]

Accordingly, it is RECOMMENDED as follows:

1. That the petition for attorney fees (doc. 23) be GRANTED as set forth below.

2. That plaintiff is entitled to recover reasonable fees for representation by her counsel, Heather M. Freeman, before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees under the EAJA in the amount of $3,815.60 are reasonable; and the Commissioner is directed to pay that amount to plaintiff.

3. Plaintiff's payment shall be mailed to her attorney, Heather M. Freeman, at 55 W. Monroe Street, Suite 2440, Chicago, IL 60603.

At Pensacola, Florida this **25th** day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] Stated another way, <u>if</u> plaintiff owes the United States any debt, the United States might reduce the amount of the EAJA payment, but that will be unknown until the check is issued.

[2] As of the filing date of the instant Report, the Report and Recommendation in Case No. 5:09cv358 has not been adopted by the district court.